IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON ANDREW LACURTS, : | |
|    Plaintiff, : | No. 22-cv-2776-JMY |
|                   : | |
| vs. : | |
|                   : | |
| PRIMECARE PSYCH DOCTOR ARLYN, : | |
|    Defendant. : | |

## MEMORANDUM

Younge, J.                                                                                                                                                                                              August 14, 2023

Upon review of the docket in the above-captioned case and it being apparent that Plaintiff has not filed proof of service of the Summons and Complaint upon the Defendant, Primecare Psych Doctor Arlyn, within the 90-day deadline under Federal Rule of Civil Procedure 4(m), it is **ORDERED** that this lawsuit is *sua sponte* dismissed without prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND:

Plaintiff, Brandon Andrew Lacurts, filed this lawsuit while he was confined as a pre-trial detainee in the Berks County Jail System. (Complaint ¶ III. & VII., ECF No. 2.) He filed a standard form Prisoner Complaint for Violation of Civil Rights in which he challenged the conditions of his confinement. (*Id.*) Plaintiff specifically avers, "[The] prison psych doctor has denied [my request for medication – Adderall. [N]ot only am I being denied my medication, the psych said my mental health disorder wasn't important, and my medication wasn't important to her." (Complaint ¶ IV.D.) He avers exhaustion of all administrative remedies to no avail and that he was forced to take a different medication – Wellbutrin – which resulted in troubling side effects. (Complaint ¶ IV. & V.)

Plaintiff filed a motion to proceed *in forma pauperis*. (IFP Motion, ECF No. 1.) The Court granted Plaintiff's request for *in forma pauperis* status, and a summons was issued as to

Defendant.  (Order, ECF No. 5; Summons Issued, ECF No. 6.)  A review of the docket illustrates that the Clerk of Court mailed a copy of the Order granting *in forma pauperis* status to Plaintiff at his address as it appears on the docket; however, the Order was returned to sender.  (Docket Entry, ECF No. 8.)  A notation on the docket indicates that Plaintiff was no longer confined in the Berks County Jail, and that he could not be found in the inmate locator directory.  (Id.)  Plaintiff also failed to complete and return the U.S. Marshals Service Form 285 that was forwarded to him; therefore, service of summons and complaint has not occurred.  (Status Report from Marshals Service, ECF No. 7.)

On February 8, 2023, the Court docketed a Rule 4(m) letter addressed to Plaintiff to warn him that this lawsuit would be dismissed for lack of prosecution if he failed to attempt to make service of summons and complaint.  (Letter from Deputy Clerk, ECF No. 9.)  Plaintiff failed to respond to the Court's Rule 4(m) letter or otherwise take affirmative steps to establish service of process, so on March 31, 2023, the Court entered an Order to Show Cause.  (Order to Show Cause, ECF No. 10.)  In its Order to Show Cause, the Court again warned Plaintiff of its intension to dismiss for lack of prosecution.  (Id.)

By filing on the docket, the Court published both the Rule 4(m) letter and Order to Show Cause.  A September 14, 2022, docket entry indicates that Plaintiff was longer being held in the Berks County Jail; therefore, his address as it appears on the docket is no longer valid.  (Docket, ECF No. 8.)  A search on the Berks County Jail System's inmate locator shows that Plaintiff is no longer in custody and has been release on parole to the Pennsylvania Board of Probation and Parole.  See https://vinelink.vineapps.com/person detail/offender/24561757;tabIndexToSelect=0 (last visited on Wednesday, August 9, 2023).  A search on the Pennsylvania Department of Corrections Inmate/Parolee Locator fails to return any results as to Plaintiff's whereabouts.

Pursuant to the Eastern District of Pennsylvania Local Rules, Plaintiff was required to update his mailing address with the Clerk of Court within fourteen days of any change of address. *See* L.R. 5.1(b). This warning was communicated to Plaintiff twice – first, in the Court's Notice of *Pro Se* Guidelines (E.D. Pa. Pro Se Notice, ECF No. 4 page 1-2 (Current Address)), and second, when the Court granted Plaintiff *in forma pauperis* status on August 29, 2022. (Order ¶ 11, ECF No. 5.) All of this information is found in documents that were filed on the docket and were, therefore, published for Plaintiff to see.

## II.   DISCUSSION:

Under Fed. R. of Civ. P. 41(b) as well as a court's inherent power, a district court may dismiss an action without prejudice *sua sponte* based on a plaintiff's failure to prosecute "so as to achieve the orderly and expeditious disposition of cases." *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *see also Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the United States Supreme Court has held that Rule 41(b) allows for *sua sponte* dismissals in the context of a failure to prosecute).

Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider, and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, '[t]he district court could not contact

3

[the plaintiff] to threaten [her] with some lesser sanction."). The decision to dismiss for lack of prosecution lies within the discretion of the district court. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (dismissal for failure to prosecute is reviewed for abuse of discretion). This discretion is assessed by reviewing a six-factor test enunciated in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), as follows:

> In exercising our appellate function to determine whether the trial court has abused its discretion in dismissing, or refusing to lift a default, we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Applying the test espoused in *Poulis* to the case *sub judice*, Plaintiff is proceeding *pro se*, and is, therefore, responsible for his own failure to take steps to achieve service of process. *Tagliamonte v. Wang*, 496 F. App'x. 208, 211 (3d Cir. 2012) ("As we have recognized, however, an indigent plaintiff is not entirely without responsibility, as he must 'attempt to remedy any apparent service defects' that he is made aware of."); *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (stating *pro se* plaintiff is responsible for his or her own failure to comply with court orders); *see also Warren v. Northampton Cty.*, Civil No. 16-1089, 2019 WL 588737, at *4 (E.D. Pa. Feb. 12, 2019) (concluding a *pro se* plaintiff's personal responsibility for failure to comply with court orders weighed in favor of dismissal).

As to the second factor, Defendant has experienced prejudice associated with lack of notice of pending litigation and the inability to preserve evidence to prepare a defense. This case has been prolonged with the passage of time, and Defendant has been unable to proceed to discovery. *Warren*,

4

2019 WL 588737, at *4 (finding plaintiff's failure to submit change of address, participate in discovery, or otherwise communicate with the court weighed in favor of dismissal).  As to the third factor, Plaintiff's history of dilatoriness includes his failure to notify the Court when his address changed, and his failure to comply with Court Orders directing him to serve summons and complaint. (*See* ECF Nos. 11-12, 15); *see also Drayton v. Spotts*, No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (noting plaintiff's failure to comply with two court directives indicated a history of dilatoriness weighing in favor of dismissal); *see also*, *e.g.*, *Thomas v. City of Phila.*, No. 19-90, 2020 WL 586993, at *2 (E.D. Pa. Feb. 6, 2020) (dismissing *pro se* action noting that although Plaintiff "has been released from custody, he has not provided the court or [defendant] with any information regarding how to communicate with him for purposes of this case."); *Jones v. Thomas*, No. 15-1388, 2020 WL 599833, at *2 (M.D. Pa. Feb. 7, 2020) (dismissing action and noting that plaintiff was no longer in custody, failed to comply with the court's mailing address requirements, and that because the court "has no means to communicate with plaintiff . . . [i]t is reasonable to conclude that [plaintiff] has abandoned his lawsuit.").  As to the fourth factor, the Court finds that there is no evidence that Plaintiff's conduct is willful to the extent it warrants this factor weighing in favor of dismissal.  *See Briscoe*, 538 F.3d at 262 (noting that willfulness involves intentional, self-serving behavior that is "characterized as flagrant bad faith").

        The fifth factor weighs in favor of dismissal because this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available because Plaintiff appears *pro se* and *in forma pauperis*.  *See id*. at 262-63 (stating alternative sanctions unavailable where plaintiff proceeded *pro se*, *in forma pauperis*, and was incarcerated); *see also McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, '[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction.  An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.'

5

Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for [Plaintiff]'s failure to provide the Court with an accurate mailing address.").

Lastly, the Court finds the remaining sixth factor neutral. The Court can only determine the merits of Plaintiff's inmate civil rights claim through the allegations in his Complaint, and, without discovery, it is unclear whether Plaintiff's claim would survive summary judgment. *See Drayton*, 2019 WL 5167011, at *3 (noting the merits factor was neutral because based on the complaint the claim was facially meritorious but there was no evidence of plaintiff's ability to meet his burden at summary judgment); *see also Thomas*, 2020 WL 586993, at *3.

The Court is mindful that "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because Plaintiff's failure to comply with the Court's Orders has stalled the adjudication of this case and prejudiced Defendant in preparation of a defense, the *Poulis* factors weigh in favor of dismissal. At this juncture, given that Plaintiff is now no longer in custody and has failed to comply with the Court's prior Order and Local Rules, it is reasonable for the Court to conclude that Plaintiff has abandoned this lawsuit, and that dismissal is appropriate under the circumstances. *Williams v. Pennsylvania Department Correction*, No. 12-2440, 2013 WL 3863959, at *2 (M.D. Pa. July 23, 2013) ("At this point, as a result of [Plaintiff's] failure to notify the Court of his present location, we are unable to communicate with him. As such, it would be a waste of judicial resources to allow this action to continue.").

### III.    CONCLUSION:

The Court filed a notice and an Order on the docket which directed the Plaintiff to complete service of process. For a period of more than six months, Plaintiff failed to check the docket, respond to these filings, or contact the Court with his current mailing address and/or

6

email address.  For all of the reasons discussed in this memorandum, this lawsuit will be dismissed without prejudice.

                          **BY THE COURT:**

                            /s/ John Milton Younge
                          **Judge John Milton Younge**